May it please the Court, my name is Sarah Jezarian. I'm here representing the petitioner Thomas Mielewczyk. I'd like to reserve three minutes for rebuttal. Like the case you just heard, the issue in this matter is whether a conviction under California Health and Safety Code section 11352 constitutes a violation of a law relating to a controlled substance for removal purposes. Our point is it does not. If offering to commit or soliciting a narcotics violation is not a removable offense, and this Court has held that it's not, then that must be so whether the conviction is under one statute that encompasses offer and direct violation, or whether it's under two statutes as in the cases that have dealt with the Arizona statutes with the separate offer statute and the direct violation. Let me ask you this. Why doesn't Coronado-Durazo control? We believe that it does, Your Honor. Coronado-Durazo tells us that solicitation, I believe in that case to possess cocaine, was not a law relating to a controlled substance for purposes of section 1227A2B because the statute mentions attempt and conspiracy, but solicitation is not a generic statute at all. The entirety of the statute has to do with controlled substances. Why isn't that sort of the end of the logical answer? Well, first of all, I think that that is addressed in Rivera-Sanchez, where this Court stated, looking at section 11360, which is worded virtually identically to 11352, because 11360 and 11352 criminalize an offer to do something. But there we were concerned with the definition of aggravated felony. Now we're just looking at the definition of related to a controlled substance. Well, first of all, I think the language in Rivera-Sanchez is pretty clear. Whether it's relating to an aggravated felony or a controlled substance violation, 11360A criminalizes solicitation of the enumerated acts, simply because it includes an offer. Solicitation is solicitation. If an offer is solicitation for purposes of the aggravated felony analysis, then an offer is solicitation for purposes of the controlled substance question. Second of all, I think that the California court's interpretation of these statutes is very instructive here. They tell us that in this type of case where somebody is convicted of offering to, as in this one, transport a controlled substance, the crime is complete when the offer is made. You don't have to have the controlled substance. You don't have to intend to have the controlled substance. You just have to say, I'm offering to transport a controlled substance for you. Okay. So I'm going to ask you the same question I asked in the previous argument. What does that have to do with solicitation? Solicitation, as I understand it, is trying to get someone else to commit a crime. In this one, you're saying, I'm here, I'm happy to commit a crime, and my crime, by definition, relates to a controlled substance. Well, first of all, I think to link an offer to transport a controlled substance that you may not even intend to have, yes, the relating to language in section 1227 is construed pretty broadly, but that goes way beyond broad to say that if you just happen to offer to transport cocaine when you don't intend ever to actually have cocaine to transport, I don't think you can link that and say that's relating to a controlled substance. I think that's going way too far. But again, going back to Rivera-Sanchez, what does solicitation have to do with offer? I'm looking at page, I believe, it's page 908 to 909. By its plain words, 11360 prohibits offers to transport, sell, import, so on and so forth, and the court continues on. And thus, section 11360 criminalizes solicitation of the enumerated acts. So this Court has already said, if you offer to transport, if you suggest to somebody else that they should transport, that is a solicitation offense. Those two things are the same in this Court's prior holdings. And I think that that makes sense. You're dealing with a situation that is very far removed from actually having a controlled substance in your car and transporting it, or from selling a controlled substance. Soliciting, you're asking somebody to do something for you, offering, you're offering to do it, but you may not even ever intend to have the controlled substance. And that's... But if we look at the documents here, your client actually was convicted of transportation of heroin. I think, actually, if you look... Or led to it. If you look at the documents of conviction, and that is our further point, since this is not categorically a controlled substance violation, then you have to move on and look at the documents of conviction. And the documents of conviction are pretty clear. You have the information, which, just as they tend to, refers to the statute itself, which prohibits offers and the actual direct violation as well. But if you look at the joint plea agreement, he pled to offering to transport. And if you look at, more importantly, the January 2007 order, where the court stated the factual basis for the plea, the court very clearly stated that he pled guilty to offering to transport a controlled substance. And again... Wait a second. He says he's pleased to count two. And count two is... The crime of sale of transportation, offer to sell, in violation of Section 11352A, was committed by the defendant and Ms. Kilgo, who did unlawfully transport and offer to transport. It's sort of just a repetition of the statute. A controlled substance to rid heroin. And that's what he pled guilty to. And again, what you're looking at is exactly what you're saying. You're looking at a plea agreement that sets out the entirety of the statute, which covers transportation, which covers offers to transport. But then the court, and, you know, something that's very interesting here, the fact that the court gave Mr. Malevchik probation when the statute specifically precludes that, the court said the reason for that was because there were problems of proof. And then came back a couple of months later, in January 2007, in the order, and said the factual basis for Mr. Malevchik's plea was offering to transport a controlled substance. So I think that the documents of conviction are very clear here. Mr. Malevchik was convicted of offering to transport a controlled substance. There's another problem with that, too. It doesn't state what the controlled substance is, although some of the other charging documents do. So you have charging documents that aren't clear as to what the controlled substance was. The 11352 prohibits acts where the one of the charging the charging document does state heroin. The order stating the factual basis for the plea doesn't say heroin. Since 11352, encompasses substances that aren't encompassed under the Federal statute, then you start to run into the problem that you saw in Ruiz-Fidal, where you cannot necessarily link the plea to the actual substance and link them up and figure out whether the plea was with regard to a substance that would be criminalized under the Federal statute. But more importantly, it is crystal clear that he pled to offering to transport. And offering to transport is not a removable offense. Therefore, the government did not meet its burden to prove by clear and convincing evidence that Mr. Malevchik's removable. And we would argue on that basis, because they failed to meet their burden, Mr. Malevchik's order of removal should be overturned. All right. Your Honor, I'm going to please the Court. Stuart Nick, I'm on behalf of the respondent in this case, the Attorney General. Just quickly with respect to the identity of the Attorney General, it is currently Mark Phillip, although we've been told that there is going to be a vote today on Eric Holder's confirmation. So at some point today, apparently, that is going to possibly change. But, Your Honor, I'm sorry. He says he's going to be sworn in tonight. What's that? He says if he's confirmed today, I'll be sworn in tonight. That's what we've been told, yes. That's what he said. Currently, it is Mark Phillip. With respect to this case, this case should be dismissed and the Petitioner was convicted of an offense which renders him removable. And this is the private jurisdiction under that statute. The Petitioner's conviction for offering transport of a controlled substance under California Health and Safety 11-352 does constitute a removable offense as a crime relating to a controlled substance. And for that reason, this Court lacks jurisdiction to further review the decision. Well, are you saying that we have to dismiss the petition for review instead of denying the petition for review if we agree with your argument? That's correct, yes. Why isn't this a legal issue that we can review and, if we agree with you, deny the petition rather than? Well, I think the Court has never really reconciled which version of whether A2C or 2A2C applies prior to 1252A2D. And the Court has sometimes analyzed, and certainly the Court has the jurisdiction to reach the merits of the issue as to whether or not this actually does constitute a removable offense. But with respect to whether the Court is doing that within the context of its jurisdiction to determine jurisdiction, or whether it does that within the context of 1252A2D, the Court has, I think, kind of done both. And we would submit that the A2C analysis applies before the A2D analysis. But either way, ultimately, the Court does have jurisdiction to reach the merits of the issue. So we just believe that A2C applies first. And so if the Court does conclude that on the merits, the petitioner is removable, then it would lack jurisdiction to further continue with the... Mr. Nicken, are you, is it the government's position that the California statute at issue 11352 is categorically, categorically relates to a controlled substance? Or is the government's position that it may be overbroad, and then we look at the materials that we're permitted to look at in the modified categorical approach? With respect to the issue of whether or not a conviction relates to a controlled substance, you know, relating to language, categorically it is, categorically a removable offense. The particular issue as to which... The California statute has certain drugs as controlled substances, which are not listed as controlled substances under the Controlled Substance Act. That's correct. Then we would go to the modified categorical approach. Only in that case, because I've heard arguments today, and I think we've submitted some cases, that raise the question of under this statute, you could be convicted of simple possession or possession for personal use, this particular statute, in which case it would be overbroad, and you couldn't call it a categorical. Well, we're not looking at the personal use exception here, because with 237A2B, small group number one, there is no exception for personal use. No, I'm sorry, I'm sorry. Sorry, John. I guess my question is, does the government, this is an issue of first impression for us, is the government asking for an opinion that states that 11352 categorically relates, or does the government concede that it may cover some activity or some drugs or that would not relate to a controlled substance? Well, I think you need to divide the relating to language and the controlled substance language. So to the extent, is this a divisible statute overall? Yes. But only with respect to what particular drug is involved, and whether or not this personal use exception applies. So let me see if I understand your answer to Judge Fordlaw. When you're looking at the question of controlled substance, if California decides that talcum powder is a controlled substance, it's overbroad. But as far as the activity that's involved, if you're dealing with heroin or cocaine, everybody who does one of the verbs that's mentioned in subsection A, that activity relates to whatever that controlled substance is as a matter of law. Correct, correct. It's impossible to violate the statute without engaging in conduct that relates to a controlled substance. It is possible to engage in conduct that wouldn't necessarily, it would still relate to a controlled substance, but wouldn't render you removable under the statute. But like I said, with respect to the question of relating to, and that really is the issue in this case, well, it's one of the two issues in this case here. But the relating to statute, that portion of the statute is non-divisible. So in this case, do we need to look at the documents to determine whether the controlled substance is in fact a controlled substance under the controlled substance, Federal controlled substance? To determine that question, yes, you need to go to a modified categorical approach and look at the documents of conviction. And here the documents of conviction, I think, are very clear in establishing that it was heroin that was used. I mean, it's not just the information that includes the reference to heroin. It's also the signed guilty plea petitioner. And this is on page 475 of the administrative record. It states that, as to count to transportation of heroin. That's, I mean, it's explicit in the, in the signed guilty plea. And so we don't have a situation here where, such as, say, Ruiz Vidal or even such as Snellenberger or the recent case, I don't know, Ortiz, where you have just a abstract of judgment plus an information. Here we have the information which specifically lists the drug involved. And we have the signed guilty plea which lists the drug involved. And so it's difficult to see how you could have better evidence of the specific drug that was involved in a signed guilty plea. So here the documents of conviction very clearly do establish that heroin was the drug  That is an offense under both California. Okay. Now, is solicitation involved in this case? No. No, it's not. I mean, I think Judge Graber, you mentioned this in the earlier argument as well. The act of solicitation is fundamentally different than the act of offering to engage in certain activities that's directly related. But I don't think that the act of soliciting someone else to engage in certain conduct. No, I mean, people go out and solicit business all the time. Well, yeah. Lawyers are doing that every day, aren't they? And so you've got a truck or whatever it is, big pockets, and you go and you talk to someone and say, I'm in the business of smuggling drugs. And if you need any help, I'll do it for you. I am asking for your business. I am offering to transport. That would be an offer by oneself. I will engage in criminal activity for you. Versus I am asking you to, and somebody else to engage in criminal activity. Yeah, but it could be both. I'm soliciting you to do this, but I'm also soliciting you to hire me to do this. Well, I think you can see how, yes, you can have situations which involve both. However, here the California statute just says offering to engage in drug-related activity. Well, let me ask you this. How does Coronado-Durazo cut into this? Our argument is that Coronado-Durazo does not apply, nor does the Levi-Alicia case. And the reason here is that neither of those cases apply here. This case is distinguishable. Coronado-Durazo and Levi-Alicia were looking at a generic solicitation statute under Arizona law. Arizona, yeah. Which just said it is illegal to solicit others to engage in activity which would be a felony or misdemeanor. So the law that the Petitioner had violated, and remember, 237 says that an alien is removable if they have been convicted under a law or regulation that relates to a controlled substance. The actual law or regulation that the Petitioners in those cases were convicted of was a generic solicitation statute which just prohibited soliciting others to engage in criminal activity. Which could be any kind of criminal activity. It could be bank robbery. It could be drugs. It could be anything. Exactly. Exactly. So Coronado-Durazo and Levi-Alicia, I think, held that you don't get to go one step further and look at what the criminal objective of the solicitation is. So how do we? Let me ask you this. Let's say you've got twin brothers, and one of them is in Arizona and the other one lives in California. And the one who lives in Arizona offers his services to a third party to transport heroin. Now, is that a violation of State law in Arizona? I do not know if my time is up. Well, don't worry. Don't worry about that. I'll talk real fast. Go ahead. The act of offering to engage in criminal activity in Arizona would be punishable under Arizona law. It's actually a separate statute that was – there's actually a separate statute which is very similar to California's statute that's applicable in this case. So the answer to that is yes? Yes. Yes. Okay. And so it's a violation of Arizona's generic solicitation statute. I'm sorry. It would not be a violation of Arizona's generic solicitation statute, the 1-0-0 or 13-1-0-0-2, the one that just says it's illegal to solicit others to engage in criminal activity. It would have – Well, that's the statute that was – that was involved in Coronado de Rosno. Right. And in Coronado de Rosno, I think you had a situation where someone had solicited others to engage in criminal activity, but not – I mean, the objective of that solicitation may have been drug-related activity. But the actual statute they were convicted under was only under that generic illegal – it's illegal to solicit others to engage in felony or misdemeanors statute. Well, now, let's say the – so the brother in Arizona, that – under the Arizona solicitation statute, then since – since you have the – the statute talks about attempts and conspiracy, it doesn't fall under that statute. Well, the – no, no. The reason in Coronado de Rosno was because the statute of conviction, that statute just says it's illegal to engage in – illegal to solicit others to engage in felonies or misdemeanors. That actual statute itself, the regulation, has no relationship to controlled substances. The controlled substances aren't mentioned anywhere in there. It's the absence of the controlled substance language in the law or regulation that was violated that was what rendered the petitioner non-removable. That's why it didn't fall within the definition of the Federal Removability Grant. If the same conduct occurred in California, then what would the answer be? Well, if the same conduct occurred in California, in terms of soliciting others to engage in criminal activity, and this here, I think, is where the distinction between soliciting others and soliciting oneself, there would be a different California statute. What if there's an offer to engage in criminal activity? If I can kind of simplify this. An offer to engage in – an offer to engage in drug-related activity, offer to engage in drug-related activity, would be punishable under California law under this statute. It would be punishable under Arizona law, Arizona revised statute 13-3408A7. That's a completely different statute than what was at issue in Corrado D'Orozzo and Levy of Licea. It's a substantive drug-related statute which says almost exactly the same thing as the California statute here. So we don't have this discrepancy between the two. So what are the consequences as far as the immigration laws are concerned? Well, the consequences is that we're not looking at a potential lack of uniformity. The act of offering to engage in drug-related activity is punishable under a substantive drug-related statute in California, just like it is in Arizona. The act of merely soliciting others to – I mean, a violation of the law. That's what we're talking about. Well, as I said, here we have an offer to engage in, in drug-related activity. That's what the Petitioner was convicted of doing. He was offering to engage in drug-related activity. That action is punishable under substantive criminal statutes in California, just like it is in Arizona. Let's say that in both cases solicitation is involved. Okay. So, for example, the Petitioner had simply solicited another – had said – you know, had said – solicited a different person to engage in drug-related conduct. That person would be convicted under Arizona law, under the Levi-Lycia and Corrado-Durazo Arizona generic solicitation statute. There's also a California sort of quasi-generic solicitation statute, and that's California Penal Code Section 653 – 653F, subsection D, which lays out solicitation offenses soliciting others to engage in criminal activity. And so in – in both cases, the – the only difference is the California one kind of lays out exactly which – which statutes are involved. So – but in either case, you have a Petitioner who solicits others to engage in criminal activity is – would be convicted under a generic, non-controlled substance-related statute, whereas the act of offering to engage in drug-related activity by oneself would result in a violation of a substantive drug-related statute, just as the one at issue here. So there is no discrepancy between California law and Arizona law with respect to what acts would render a Petitioner guilty. Well, let me – let me ask you this. Let's say the – the Corrado-Durazo, all those – in that case, all those activities occurred in California. Would the consequences be the same? I mean, the consequences for Corrado-Durazo would be the same, yes. Yes, so. Not – I'm talking about as far as his immigration status is concerned. I'm sorry. Would the – I mean, the act of soliciting others to engage in – The same – the same conduct that – that took place in Arizona with Coronado-Durazo if that took place in California, would the – would the consequences be the same? I'm somewhat hesitant to speculate. I mean, that's a determination that has never been made by the Attorney General that the – that specific question, if the Attorney General were to conclude that it were, then I'd have to defend that case. But that's sort of a hypothetical that has not been – has not been addressed by the Attorney General. So my read on the statutes would suggest to me that the same conduct is – exactly the same conduct is punishable under either – under either situation. And again, a generic solicitation statute. And the Arizona statute and the California statute are a little bit dissimilar. But my impression, and again, this determination has not been made by the Attorney General, so I'm sort of hesitant to speak for him. But my impression is that the – under either statute, the generic solicitation offense, whether it's Arizona 13-1002 or California 253F, would be a non-removable offense. Again, that's just my read on the statutes, though. A non-removable offense? It would not be removable under 237. Okay. Yeah. So they'd be treated the same? Yes. Yes. All right. All right. If there are no further questions. It's just wonderful how complex all this is. I would not dispute its complexity, yes. Well, actually, I will say, I mean, there is a certain simplicity to it, though, in the sense of a law or regulation relating to a controlled substance. That's the fundamental issue here. Yeah. So let's submit all those comments. Well, yeah. All right. Okay. All right. Thank you. Everything's good. Yeah. There. Just three quick points. I'd like to address the jurisdiction question first. I think that the question of whether this falls under A2C or A2D is pretty clearly spelled out by the statutes themselves. Yeah. Go to the next one. All right. I'll do that, then. I think the solicitation issue, there's been some back and forth about whether or not offer is solicitation, solicitation is offer. And I think you hit the nail right on the head with solicitation. Well, I knew you were going to say that. Of course. Do you have any authority for that? I think, yeah. I think if you look at Coronado D'Orazo and Leviolecia, both of them were about solicitation to possess cocaine. So it's not just go out and, you know, you, go commit, go break some law. It's I'm trying to break a law because I'm asking you, you know, please give me cocaine and I will possess it. So it's the same thing. You're offering to commit a crime. I think offer and solicitation are analogous. I think that's why the language in Rivera-Sanchez is so clear that these statutes in California that refer to offer contain a solicitation element. And where you have solicitation or offer, it is not categorically a removable offense. I think the other thing that you have to consider is there's been a lot of back and forth about the generic solicitation statute in Arizona versus the more specific statute in California. And I think there is a uniformity problem. Because if you look at Leviolecia, it wasn't just a conviction under the generic solicitation statute. It was a conviction under that and the specific statute, I believe, relating to possession of marijuana. And the court very expressly stated in that case that solicitation of a controlled substance violation is not a removable offense even where the underlying solicited conduct is a narcotics violation. So you have a situation in Arizona where a person goes out and solicits or offers a narcotics violation. They're not removable according to the government and according to this court's case law. But you've got the same guy in California who goes out and solicits or offers a controlled substance offense and he's going to be removable as the government argues that Mr. Malevchik should be here. Bottom line is the statute under which Mr. Malevchik was convicted is not categorically a controlled substance violation under Coronado-Durazo, under Rivera-Sanchez. Okay. Has that covered your points? I have, Your Honor. Thank you. Thank you very much.  United States versus Arizona.
judges: Pregerson, Graber, Wardlaw